# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DANIEL L. BENDER,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 4:06-CV-1017-AGF |
| **GARY KOTHE and SARAH KOTHE,** | ) |
| **Defendants.** | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Daniel L. Bender for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks declaratory relief and money damages in this action against defendants Gary Kothe and Sarah Kothe. Plaintiff states that, on December 26, 2005, he was riding his bicycle near Troy, Missouri, when he was struck by a Ford F250. Plaintiff alleges that defendants left the scene of a motor vehicle accident or conspired to do so and tampered with a witness or a victim, or both.

**Discussion**

Both the cause of action and the parties involved are identical to those in a previous action filed by the plaintiff. *See Bender v. Unknown Defendants*, No. 4:06-CV-109-AGF (E.D. Mo.). That plaintiff can now name the previously unknown defendants does not preclude the operation of res judicata. *See Lane v. Peterson* 899 F.2d 737, 744 (8th Cir. 1990). The instant action is, in essence, the same as that which plaintiff previously filed and arises from ". . . the same nucleus of operative facts as the prior claim." *See id.*

The Court dismissed plaintiff's previous action as frivolous, pursuant to § 1915(e)(2)(B). Therefore, this complaint must also be dismissed. *See Waller v. Groose*, 38

F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal of claim as frivolous has res judicata effect on frivolousness determinations for future in forma pauperis petitions raising identical claims.)

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 18th day of July, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE